IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:20cv21516

**MARIE ALTIDOR**,

    **Plaintiff,**

v.

**CARNIVAL CORPORATION, a foreign corporation, d/b/a CARNIVAL CRUISE LINES**,

    **Defendant.**

## COMPLAINT

Plaintiff, MARIE ALTIDOR, by and through undersigned counsel, files this Complaint against Defendant, CARNIVAL CORPORATION, a foreign corporation, d/b/a CARNIVAL CRUISE LINES, and allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2. Plaintiff, MARIE ALTIDOR, at all times material hereto, was a resident of Miami-Dade County Florida, residing in Miami, Miami-Dade County, Florida, was over the age of eighteen (18) years, and is otherwise *sui juris*.

3. Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES (hereafter "CARNIVAL"), was at all material times hereto a foreign entity with its principal place of business in Miami, Florida, and engaged in the operation of a cruise line. CARNIVAL is

incorporated outside of Florida but does business in the State of Florida, and was doing business substantial in Miami-Dade County Florida.

4. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises and is by virtue of the admiralty and/or maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is being filed in Federal court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant. The case also arises under the laws of the United States, and/or the laws of the vessel's flag state, and involves applicable international ISO standards for safety aboard vessels.

5. Upon information and belief, this Court has personal jurisdiction over the Defendant CARNIVAL in that:

(a) Defendant CARNIVAL has operated, conducted, engaged in, carried on business or business venture in Florida pursuant to and within the meaning of § 48.193(1)(a), Fla. Stat. and from which this action arises; and/or

(b) Defendant CARNIVAL has committed a tortuous act within the state, pursuant to and within the meaning of § 48.193(1)(b), Fla. Stat. and from which this action arises; and/or

(c) Defendant CARNIVAL has engaged in substantial and not isolated activity within this state, including the Southern District of Florida, pursuant to and within the meaning of § 48.193(2), Fla. Stat. and from which this action arises, at least by virtue of transaction of business within the State of Florida.

6. Venue is proper in the Southern District of Florida, Miami Division because Defendant CARNIVAL has contractually agreed to jurisdiction in this venue. Venue is further proper pursuant to 28 U.S.C. §1391(b) and the admiralty and maritime laws of the United States, including the Jones Act, 46 U.S.C.§ 30104, because Carnival resides in this District, conducts business within this District, and is subject to this Court's personal jurisdiction. In addition, some of the events that give rise to Plaintiff's claim occurred within this District.

7. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, and/or do not apply.

## GENERAL ALLEGATIONS

8. On or about April 19, 2019, Defendant CARNIVAL owned, maintained, and/or operated a cruise ship in navigable water while the Plaintiff, MARIE ALTIDOR, was a passenger aboard a ship that is presently known as Carnival Sensation ("Premises"); therefore, Plaintiff's claims are governed by general maritime law. Specifically, this incident occurred when the Plaintiff was sitting on a seat on or about the aforementioned date.

9. At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on or about the vessel, namely Carnival Sensation (*i.e.* the Premises).

10. Carnival owns and/or manages more than twenty cruise ships and encourages people of all ages, physical abilities, and experience to take a cruise, embark and debark the cruise ship.

11. On or about April 19, 2019, Defendant CARNIVAL, owned and maintained the bar stool that caused Plaintiff injury in a dangerous condition.

12. On or about April 19, 2019, Defendant CARNIVAL failed to maintain the Michaelangelo Lounge and its bar stools in a reasonably safe condition.

13. At all times material hereto, Defendant CARNIVAL, by and through its agents, servants, workmen, employees, and/or other representatives, for which CARNIVAL is vicariously liable, acted on behalf of Defendant CARNIVAL, and with full knowledge, consent, and authority of Defendant CARNIVAL, was negligent by failing to maintain the premises in a reasonable safe condition which ultimately caused serious injury to the Plaintiff.

14. Defendant CARNIVAL posted no signs, warnings, and no other indicators were present to warn Plaintiff MARIE ALTIDOR of the possibility of any unsafe conditions and/or unsafe seat within the Premises, or to signal to Plaintiff that Defendant CARNIVAL caused and created the dangerous, or otherwise failed to remedy a dangerous and unsafe condition on the Premises.

15. Defendant CARNIVAL posted no signs, warnings, and no other indicators were present to warn Plaintiff MARIE ALTIDOR of the possibility of any unsafe seating on the Premises, or to signal to Plaintiff MARIE ALTIDOR that a dangerous condition was present.

16. The aforesaid fall was caused solely by the negligence of the Defendant CARNIVAL and/or its agents, servants, leassees, and/or employees (which CARNVIAL is vicariously liable), in the ownership, use, maintenance, and/or operation of the Premises.

17. Defendant CARNIVAL caused and created the dangerous and unsafe condition on the Premises.

## COUNT I
## NEGLIGENCE OF CARNIVAL

18. Plaintiff realleges the allegations set forth above in paragraphs 1-17 as if set forth herein in full.

19. At all times material hereto, Defendant CARNIVAL owed Plaintiff MARIE ALTIDOR a duty of care in which Defendant CARNIVAL must maintain the Premises in a reasonably safe condition.

20. Upon information and belief, Defendant CARNIVAL had actual knowledge that the bar stool which caused Plaintiff's injury was in a dangerous condition for a sufficient period of time for CARNIVAL to warn others, including the Plaintiff, or to otherwise take action to safeguard its guests.

21. Defendant CARNIVAL had constructive knowledge that the bar stool was in an unsafe condition the dangerous condition existed for such length of time that, in the exercise of ordinary care, the business establishment should have known of the condition]] in that , and with the high activity on the Premises should have noticed it was unsafe, particularly with numerous CARNIVAL employees working in close proximity; the dangerous condition existed for an extended period of time; and/or the condition occurred with such regularly that Defendant CARNIVAL should have known of the danger.  Thus, the dangerous condition encountered by Plaintiff was reasonably foreseeable by Defendant CARNIVAL.

22. Despite having actual and/or constructive knowledge of the dangerous condition on the Premises, Defendant CARNIVAL negligently failed to remedy the dangerous condition.  That is, Defendant failed to take reasonable action to eliminate the danger or warn of its presence.

23. As a result of Defendant CARNIVAL's negligence, Plaintiff encountered the dangerous condition, fell, and was injured in the manner described herein.

24. At all times material hereto, Defendant had a common law duty to exercise reasonable care in the ownership, maintenance, operation and/or use of its property for the benefit and safety of other individuals.

25. At all times material hereto, Defendant CARNIVAL, as a common carrier, had the duty to use the highest degree of care in the maintenance and safety of its ship/Premises.

26. At all material times, Defendant CARNIVAL breached its duty of care to other individuals, and in particular to Plaintiff, as Defendant CARNIVAL was careless, reckless, and negligent in the ownership, operation and/or maintenance and/or use of its property.

27. Defendant breached this common law duty by allowing it's seat to be unsafe for a guest to be safe while traveling on the ship.

28. As a result of Defendant CARNIVAL's negligent failure to maintain the premises in a reasonably safe condition, Plaintiff encountered the dangerous condition of the bar seat that fell from the bar stool stem when she sat on the seat, causing Plaintiff to fall to the ground causing serious injury.

29. As a result of all of the foregoing, Plaintiff has been prevented from her usual and daily activities and duties and may be so prevented for an indefinite time in the future, all to her great financial and personal detriment and loss.

30. The carelessness, recklessness, and negligence of Defendant further includes, without limitation, the following:

    a. Failing to remedy the dangerous condition comprising a broken and dangerous bar stool, including without limitation failing to take reasonable action to eliminate the danger or warn of its presence;

    b. Failing to properly inspect the Premises;

    c. Failing to correct the negligent or hazardous condition which they were aware or should have been aware;

d. Failing to warn pedestrians and/or other individuals of the negligent or hazardous condition of the Premises at the point where Plaintiff MARIE ALTIDOR fell;

e. Failing to maintain the Premises in a condition which would protect and safeguard persons and/or members of the public upon the premises and preventing them from falling;

f. Allowing and permitting the aforesaid negligent condition to remain on the Premises so as to constitute a menace, danger, nuisance, or trap to persons lawfully upon the said Premises;

g. Creating a hazardous condition and failing to warn the Plaintiff MARIE ALTIDOR of said condition;

h. Otherwise failing to exercise due and proper care under the circumstances;

i. Causing and/or permitting a dangerous and/or hazardous condition to exist which the Defendant CARNIVAL knew or should have known developed an unreasonable risk of harm to Plaintiff MARIE ALTIDOR and other users of the Premises;

j. Failing to properly and adequately warn the Plaintiff MARIE ALTIDOR of the aforesaid dangerous and/or hazardous condition;

k. Failing to properly perform its statutory, common law, and ordinance duties;

l. Causing, allowing, and permitting the said hazardous and/or dangerous condition to exist, so as to constitute a menace, danger, nuisance, and trap to persons lawfully on said premises;

m. Failing to post and/or erect and/or set out proper and adequate signs, cones, barriers of warning, in, on, and/or about said premises;

    n. Failing to properly inspect, maintain, and/or control said premises;

    o. Creating and/or permitting a foreseeable risk of harm;

    p. Creating and/or permitting a foreseeable zone of risk;

    q. Failing to make said premises reasonably safe for its intended purpose;

    r. Causing distraction to the Plaintiff while in the zone of risk; and

    s. Failing to use the highest degree of care.

31. Alternatively, the conduct and omissions of the Defendant CARNIVAL are presumed to be negligent because:

    (a) The fall would not have happened unless Defendant CARNIVAL was negligent;

    (b) The bar stool seat falling off from the bar stool was caused by something that only Defendant CARNIVAL controls;

    (c) MARIE ALTIDOR voluntary actions did not cause or contribute to their injury;

    (d) Ordinarily, the fall would not have happened without someone's negligence;

    (e) That the bar stool causing the injury was in the exclusive control of Defendant CARNIVAL at the time it caused the injury;

    (f) The bar stool was not improperly used or handled by others or subjected to harmful forces or conditions; and

    (g) That it is inferred that Defendant CARNIVAL was negligent based on Res Ipsa Loquitur.

32. As a direct, foreseeable, and proximate result of Plaintiff MARIE ALTIDOR falling as a result of the dangerous and unsafe condition on the Premises due to Defendant, CARNIVAL's negligence, Plaintiff MARIE ALTIDOR suffered bodily injuries and resulting pain and suffering, disability, mental anguish, humiliation, loss of capacity for the enjoyment of life and life's

pleasures, lost wages, expense of hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the expenses and losses in the future.

**WHEREFORE**, Plaintiff MARIE ALTIDOR demands judgment against Defendant CARNIVAL as follows:

(a) Judgment for damages in an amount to be proven at trial;

(b) For bodily injury and resulting pain and suffering, disability, and loss of capacity for the enjoyment of life;

(c) For all medical and incidental expenses according to proof;

(d) For costs of suit incurred in connection with this action;

(e) For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded; and

(f) For any and all such other and further relief as the court may deem just and proper.

*Continued On Next Page*

## **DEMAND FOR JURY TRIAL**

Plaintiff, MARIE ALTIDOR, demands trial by jury on all issues so triable as a matter of right.

Dated: April 9, 2020

Respectfully submitted,

By: s/Matthew Sean Tucker
Matthew Sean Tucker
Florida Bar No. 90047
Tucker Law ®
200 SE 6TH Street, Suite 405
Fort Lauderdale, FL 33301
Telephone: (954) 204-0444
Facsimile: (954) 358-4946
Matt@TuckerUp.com
*Attorney for Plaintiff*