UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  20-cv-21516-COOKE/GOODMAN

MARIE ALTIDOR,

       Plaintiff,

vs.

CARNIVAL CORPORATION, a foreign
corporation, d/b/a CARNIVAL CRUISE LINES,

       Defendant.

_____/

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

The Defendant, CARNIVAL CORPORATION, by and through its undersigned counsel and pursuant to Local Rule 56.1 governing practice in and for the Southern District of Florida, hereby respectfully submits its Reply Memorandum in support of its Motion for Summary Judgment [DE 64 and DE 67], and in support therefor, states as follows:

**RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS**

Plaintiff misleads the Court by claiming there were 20 prior "incidents."  [DE 73, ¶28, ¶51, p. 18].  Defendant produced 20 <u>work orders</u> reflecting modifications or repairs to any of the 15 bar stools in the Michelangelo Lounge over a period of 1,095 days prior to Plaintiff's incident.  <u>Work orders are not incidents</u>.  An incident involves an injury or complaint resulting from the condition. There were <u>zero</u> substantially similar <u>incidents</u>.  The work orders prove Defendant was actually cleaning, inspecting, monitoring and repairing bar stools as needed from time to time.

In a quantum leap, Plaintiff's counsel spins the testimony of the corporate representative about a possibility into a certainty to create an issue of fact and a foundation for his theory of liability where none exists.  [DE 73, ¶26-28].  Over the undersigned's objection, Counsel asked

the corporate representative if it is *possible* that "anybody used the word "loose" when the seat was in fact detached." [DE 73-3, p. 70:4-20].  The corporate representative explained at length that most people identify the difference between "loose" and "detached", but it is possible that someone at some point wrote down loose when it was detached; it would be impossible for anyone to go back and determine if they used the wrong word.  [DE 73-3, pp. 70-75].  Based on the concession that it is *possible* someone used the wrong word at some point in the work orders, Plaintiff now assumes and predicates his opposition to summary judgment on his claim that 100% of the work orders used the wrong language, and actually involved a detached seat top from the base; he then represents there were 20 prior similar incidents or instances "where the seat top detached". [DE 73, ¶28, 30, 51, p. 13, 16-18].

The plain language of the work orders belies Plaintiff's distortion.  The descriptions in the 20 work orders include various vague descriptions:  "stool is broken"/stool needs to be fixed/stool is damaged; stool fell/came out/stool detached; stool is loose (5 work orders); cushion fell; seat is loose/shaking (2 work orders).  Plaintiff's conclusion that the various authors of all twenty (20) work orders over three years all meant to – but did not- say the seat top was detached is simply not supported by the evidence (or common sense).

Many of Plaintiff's "additional facts" are merely mis-characterizations of Ms. Vazquez's testimony.[1]  [DE 73, ¶¶ 37-39; ]; the transcript of her testimony is presented to the Court and can be read in context. In any event, none of the points Plaintiff tries to make qualify as grounds to deny summary judgment.

---

[1] For example, Plaintiff accuses the corporate representative of false testimony. [DE 73, ¶47-48]. She initially testified *she believed* there were no subsequent repairs [DE 73-3, p.20], then candidly corrected her testimony explaining there was a miscommunication, and then confirmed there were two works orders during the six months following the subject incident.  [DE  73-3, p.133].

Defendant incorporates by reference herein the legal arguments asserted in its *Daubert* challenge to Plaintiff's liability expert opinions.  [DE 77 and DE 78].  There is zero evidence to support Plaintiff's assumption that the screw within the subject bar stool was the same exact screw as the one within the bar stool prior to the incident, notwithstanding the intervening work order reflecting work done on the bar stool after the incident.  [DE 73, ¶40].  Paragraphs 42-47 of Plaintiff's additional statements of fact are based on pure speculation.

Likewise, Plaintiff continues to contend that Defendant calculated "a distraction while she was in the zone of risk." [DE 73, ¶32].  The Michelangelo Lounge is adjacent to the theater, but they are separate rooms.  Plaintiff testified they were "walking to see some of the show" when her friend saw someone she knew in the bar/lounge. [DE 73-1, p. 61].  The current contention that she "entered the lounge to watch the show, which caused a distraction" is not supported by any evidence and is not consistent with the physical configuration of the lounge.

Plaintiff's Additional Statement of Facts contain several paragraphs that are assertions of law, not fact. [DE 73, ¶¶36-39].  Defendant addresses those issues in its legal argument below. Plaintiff's use of legal arguments in the fact section highlights the point that the material facts are not in dispute and this matter is appropriately resolved as a matter of law.

## REPLY MEMORANDUM OF LAW

### I.   PLAINTIFF'S RELIANCE ON POSSIBILITIES IS INSUFFICIENT TO SURVIVE SUMMARY JUDGMENT.

On a motion for summary judgment, the Court may make reasonable inferences in favor of the party opposing summary judgment, but it does not properly make all possible inferences in the non-moving party's favor.  *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc).  "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are "implausible." *Cuesta v. School Bd*

*of Miami-Dade Cty*, 285 F.3d 962, 970 (11th Cir. 2002) (citations omitted). Nor are conclusory allegations based on subjective beliefs sufficient to create a genuine issue of material fact. *Leigh v. Warner Bros. Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling [on] a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 127 S. Ct. 1769, 16776 (2007).

Plaintiff relies primarily on the allegations in his complaint (DE 1), as opposed to any disputed issue of fact. [DE 73, p. 13]. Due to the absence of genuine issues of material fact, Plaintiff argues possible – not plausible – facts. There is no evidence one way or the other to know if the same screw was inside the subject chair before the incident and on the date of the vessel inspection Six Hundred Twenty-Eight (628) days later. Given the work completed on the subject chair before it returned into service, it is certainly equally possible that the crew installed a new screw to secure the bar stool top to the base. Likewise, it is possible a crew member may have used the term "loose" instead of "detached", but it is not plausible that every single author of the twenty work orders on fifteen different chairs over a three-year period of time meant to say detached, but just used the wrong language. Plaintiff asks this Court to indulge his implausible possibilities, but they are insufficient to survive summary judgment as a matter of law.

II.  **THE ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIM INCLUDE THE NECESSITY OF SATISFYING THE NOTICE REQUIREMENT.**

Plaintiff boldly ignores the binding, on-point precedent of *Tesoriero v. Carnival. Corp.*, 965 F.3d 1170 (11th Cir. 2020). Ostensibly because Plaintiff cannot distinguish the case or its holding, Plaintiff opts to pretend it does not exist. Plaintiff's failure to rebut Defendant's arguments based on *Tesoriero* qualify as an implicit admission the holding applies and it is fatal to her case.

In *Tesoriero*, the plaintiff fell when a chair she sat in collapsed; here, Plaintiff contends the chair top separated from its base. The chair in both cases did not show any visible outward defects. The cause of the chair's demise in both cases was only apparent after the chairs fell apart and the inside components became visible. *Tesoriero*, 965 F.3d at 1175. In both cases, the evidence demonstrated a practice of routine cleaning and inspections, and a report of any needed repairs. *Tesoriero*, 965 F.3d at 1176. The *Tesoriero* opinion is binding and unquestionably on point. In *Tesoriero*, the Eleventh Circuit Court of Appeals reiterated its consistent holding that a cruise passenger bears the burden of proving the shipowner had actual or constructive notice of the alleged hazard. *Tesoriero*, 965 F.3d at 1178-79.

Without distinguishing this binding precedent, Plaintiff contends that she is not obligated to prove notice because Carnival created the hazardous condition. [DE 73, p. 13-16]. This attempt to evade the notice requirement fails on both its factual and legal grounds. Plaintiff relies upon the opinions of Mr. Tucker that use of a different screw than the one seen during the vessel inspection in 2021 could have averted the incident. While it is likely that Carnival selected the type of bar stool installed in the Michelangelo Lounge, there is not one scintilla of evidence to support that Carnival changed the manufacturer's screw inside the bar stool prior to Plaintiff's incident. Plaintiff relies upon pure conjecture and speculation that the crew members that addressed the stool and work order after Plaintiff's incident elected to re-install the same exact screw that Plaintiff claims caused the incident. This is not a disputed issue of fact where the parties have conflicting evidence; here, neither party has any evidence as to whether the same screw was in the bar stool before the incident as was within the bar stool 628 days later, after the stool was the subject of a work order.

Moreover, the Eleventh Circuit Court of Appeals rejected the very same argument Plaintiff advances here and refused to cut out an exception to the notice requirement where the defendant

creates the hazard.  *Pizzino v. NCL (Bah.) Ltd.*, 709 Fed. Appx. 563 (11th Cir. 2017).  The Eleventh

Circuit rejected the *McDonough* and *Rockey* line of cases Plaintiff relies upon here.  In analyzing

the maritime law in this context, the Eleventh Circuit concluded that the *McDonough/Rockey*

argument "simply cannot be squared with our binding precedent."  *Pizzino*, at 567.  Therefore,

even assuming arguendo there was some evidence (there is not) that Defendant installed a new,

different and improper screw before Plaintiff's incident, Plaintiff <u>still</u>   must prove Defendant had

actual or constructive notice that the condition it created was an unreasonable hazard.   As shown

below in section V, *infra*, Plaintiff failed to sustain her burden of proving Defendant had actual or

constructive notice of the hazard she alleges.

### III.   PLAINTIFF PLEADS LIABILITY THEORIES THAT ARE NOT SUPPORTED BY THE GOVERNING LAW.

#### A.   Plaintiff now concedes the general maritime law does not recognize the heightened legal duty in her Complaint.

Plaintiff relies on Federal Rule 8 to justify her allegation that Defendant owed the duty to

exercise the highest degree of care because it is a common carrier, which is <u>not</u> the law within the

Eleventh Circuit. [DE 1, ¶ 25, ¶30(s); DE 73, p.18-19]; *See, e.g., Baptista v. Carnival Corp.*, 2017

U.S. Dist. LEXIS 201738 (S.D. Fla. 2017).  Plaintiff claims he does not agree with *Baptista* and

seeks to preserve his position. [DE 73, p.19].   Federal Rule 8 cannot save Plaintiff's unsustainable

heightened legal duty at the Rule 56 summary judgment stage.  Plaintiff's alleged legal duty fails

as a matter of law and is correctly disposed of by way of summary judgment.

#### B.   Liability is not proven by the fact Plaintiff sustained an injury.

Plaintiff fails to provide any legal support (because none exists) for the allegation for

presumptive negligence based on the argument that "the fall would not have happened without

someone's negligence."  [DE 1, ¶31].  In reality, people do fall sometimes even when nobody was

negligent.  Plaintiff does not rebut the entrenched maritime law that the mere fact an accident

occurs does not prove negligence. *Isbell v. Carnival Corp.*, 462 F.Supp.2d 1232, 1237 (S.D. Fla.

2006; *Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, 41 n. 1 (S.D. Fla. 1986), *aff'd*, 808

F.2d 60 (11th Cir. 1986).  As a matter of law, a vessel operator does not become liable to a

passenger simply because an accident occurs. *Wish v. MSC Crociere S.A.*, 2008 U.S. Dist. LEXIS

109072, *4-5 (S.D. Fla. 2008).

Plaintiff contends Defendant breached its legal duty "by allowing [its] seat to be unsafe."

[DE 73, p.19].   However, liability cannot be predicated, alone, on the fact that the cruise line runs

the ship or 'created or maintained' the premises; a vessel owner is not strictly liable *Tesoriero v.*

*Carnival Corp.* 965 F.3d 1170, 1179 (11th Cir. 2020).  Plaintiff's theory of liability that Defendant

allowed an unsafe condition to exist fails as a matter of law.

## IV.   PLAINTIFF FAILS TO PROVE A DANGEROUS CONDITION EXISTED.

Plaintiff offers only argument that the bar stool constituted an unreasonably dangerous

condition at the time of Plaintiff's incident is the pure speculation and conjecture that the same

screw existed within the chair before the incident that was in the bar stool 628 days later at the

vessel inspection.  Plaintiff also contends the screw within the bar stool during the January 2021

vessel inspection was too long for its channel (without measuring the channel).  Plaintiff's far-

fetched possibilities do not prove a dangerous condition actually existed at the time and are not

sufficient to save her case from summary judgment.

## V.   PLAINTIFF FAILS TO PROVE DEFENDANT HAD ACTUAL OR CONSTRUCTIVE NOTICE OF THE ALLEGED UNREASONABLY DANGEROUS CONDITION.

Plaintiff does not contest that the undisputed facts are devoid of any evidence Defendant

had actual notice of the hazardous condition she alleges.  The fate of her ability to satisfy this

requirement rests on whether there is evidence of Defendant's constructive notice.

The Eleventh Circuit Court of Appeals recognized at least two ways that constructive notice can be shown:  (1) the defective condition existed for a sufficient period of time to invite corrective measures; or (2) by prior accidents involving substantially similar conditions. *Tesoriero*, 965 F.3d at 1178-79.

Here, there is no evidence a defective condition actually existed at the time of Plaintiff's incident, as nobody knows what screw rested within the inner mechanism of the bar stool at that moment.  Nor can Plaintiff prove how long the allegedly hazardous condition existed.  (The pure speculation and conjecture of his retained expert is not sufficiently reliable to be admissible).  [DE 77].  There is no evidence the bar stool was in a condition that invited corrective measures.

In an attempt to satisfy the burden of proving Defendant had constructive notice of the alleged hazard, Plaintiff unilaterally converts 20 work orders into 20 prior incidents, although the work orders were generated without any incident, without any injury, and without any guest involvement.  To impute constructive notice, the substantially similar incidents must have involved conditions substantially similar to the occurrence in question and must have caused the prior accident." *Tesoriero*, 965 F.3d at 1178-79.

Work orders are not accidents.  The undisputed evidence demonstrates there were zero substantially similar accidents in the three years preceding Plaintiff's incident.

Plaintiff fails to prove any other evidentiary basis on which a reasonable jury could conclude Defendant had constructive notice of the hazard Plaintiff now alleges.   Where, as here, the plaintiff is unable to adduce evidence that the cruise line was on notice of the dangerous nature of the condition at issue, summary judgment is appropriately entered in favor of the cruise line. *See Weiner*, *v. Carnival Cruise Lines*, 2012 U.S. Dist. LEXIS 151395 at *5-9(S.D. Fla. 2012); *Benezra v. Holland America Line-Westours, Inc.,* 215 F.3d 1332 (9th Cir. 2000).    Plaintiff provides no factual or legal basis for this Court to avoid the binding precedent of *Tesoriero*, in

which the Eleventh Circuit Court of Appeals affirmed the district court's order rejecting the *res ipsa loquitur* argument and granting summary judgment in favor of the cruise line. *Tesoriero*, at 1180-81, 1187.

WHEREFORE, the Defendant CARNIVAL CORPORATION respectfully requests this Court enter an Order granting its Motion for Summary Judgment and entering Judgment in its favor.

Dated:   March 1, 2021

Respectfully submitted,

 /s/ *Stephanie H. Wylie*
**David J. Horr**
Florida Bar No. 310761
**dhorr@admiral-law.com**
**Stephanie H. Wylie**
Florida Bar No. 130140
**swylie@admiral-law.com**
**Mitchell Issa**
Florida Bar No.:  112971
missa@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
*Attorneys for Defendant, Carnival*
   *Corporation d/b/a Carnival Cruise Line*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on March 1, 2021, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by

CASE NO.: 20-CV-21130-MGC
PAGE 10

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ S*tephanie H. Wylie*
**Stephanie H. Wylie**
Florida Bar No. 130140

/1742802

## SERVICE LIST

| | |
|---|---|
| **Lawrence M. Tylka** | **David J. Horr** |
| Larry@tylkalawcenter.com | Florida Bar No.:  310761 |
| **Joseph Tylka** | **dhorr@admiral-law.com** |
| legal@tylkalawcenter.com | **Stephanie H. Wylie** |
| TYLKA LAW CENTER | Florida Bar No.:  130140 |
| 1104 E. Main Street | swylie@admiral-law.com |
| League City, TX  77573 | **Mitchell Issa** |
| Telephone: (281) 557-1500 | Florida Bar No.:  112971 |
| Telefax:  (281) 557-1510 | missa@admiral-law.com |
| *Attorneys for Plaintiff* | HORR, NOVAK & SKIPP, P.A. |
| | Two Datran Center, Suite 1700 |
| | 9130 South Dadeland Boulevard |
| | Miami, FL 33156 |
| | Telephone: (305) 670-2525 |
| | Facsimile: (305) 670-2526 |
| | *Attorneys for Defendant, Carnival Cruise Lines* |

**Donnise DeSouza Webb**
Florida Bar No. 879398
ddesouza@carnival.com
CARNIVAL CRUISE LINES
3655 NW 87th Avenue
Miami, FL 33178-2428
Telephone:  (305) 406-4838
Facsimile: (305) 406-5347
ddesouza@carnival.com
*Attorneys for Defendant, Carnival Cruise Lines*

CASE NO.: 20-CV-21130-MGC
PAGE 11

HORR, NOVAK & SKIPP, P.A.
TWO DATRAN CENTER, SUITE 1700 – 9130 SOUTH DADELAND BOULEVARD, MIAMI, FL 33156