UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  20-cv-21516-COOKE/GOODMAN

MARIE ALTIDOR,

     Plaintiff,

vs.

CARNIVAL CORPORATION, a foreign
corporation, d/b/a CARNIVAL CRUISE LINES,

     Defendant.

_____/

## DEFENDANT'S AMENDED[1] MOTION FOR SUMMARY JUDGMENT

The Defendant, CARNIVAL CORPORATION, by and through its undersigned counsel and pursuant to the Local Rules governing practice in and for the Southern District of Florida and Rule 56 of the Federal Rules of Civil Procedure hereby respectfully requests this Court to enter summary judgment in Defendant's favor, and in support therefor, states as follows:

## STATEMENT OF MATERIAL FACTS

1. On or about April 19, 2019, Plaintiff was a passenger aboard the *Carnival Sensation* when she fell backwards off a bar stool in the Michelangelo Lounge. [DE 1, ¶ 8].

2. For all times material, Defendant Carnival owned and operated the *Carnival Sensation*. [DE 1, ¶ 8].

3. The subject cruise started in the Port of Miami on April 18, 2019 and returned to Miami on April 22, 2019.  [Exhibit A, Plaintiff's Deposition 51:13-21].

4. Plaintiff testified that before she fell, she did not see anything wrong with the bar stool at the Michelangelo Lounge. [Exhibit A, Plaintiff's Deposition, p. 150/lines24-25-151/lines1-2].

---

[1] [1] This Amended Motion was amended only to correct the manner in which record evidence was cited and format the Motion to be in accordance with this Court's April 13, 2020 Order. [DE 7]. The material substance of this Motion was not altered in any way other than changes to citation to comply with Local Rules 7.1, 56.1, and the appropriate Federal Rules of Civil Procedure.

5.      Plaintiff agreed this photo is generally consistent with her recollection of the Michelangelo Lounge: [Exhibit B, Photograph of Bar; Exhibit A, Plaintiff's Deposition, p. 62/lines9-21].



6.      Plaintiff does not know if anyone used the stool before her. [Exhibit A, Plaintiff's Deposition, p. 94/lines18-21].

7.      Plaintiff did not observe any problems with the barstool before she sat on it. [Exhibit A, Plaintiff's Deposition, p. 109/lines7-13].

8.      Plaintiff never observed anyone else having issues with sitting on the bar stools. [Exhibit A, Plaintiff's Deposition, p. 95/lines7-10].

9.      Plaintiff testified that on the evening of April 19, 2019, she successfully sat down on the bar stool, then "it flew me off to the ground." [Exhibit A, Plaintiff's Deposition, p. 66/lines9-15, 67/lines8-9].

10.     The incident involved the bar stool adjacent to the statue. [Exhibit A, Plaintiff's Deposition, p. 93/lines11-17].

11.     Plaintiff fell backwards, away from the bar. [Exhibit A, Plaintiff's Deposition, p. 71/lines7-11].

12.     Plaintiff does not recall whether the entire bar stool fell to the ground with her or just the top cushioned section. [Exhibit A, Plaintiff's Deposition, p. 69/lines6-25, 74:20-25-75/lines1-19, p. 77/lines18-25-78/lines1-5].

13.     Housekeeping personnel responded to the area, but Plaintiff was not present when the crew members came to fix the stool. [Exhibit A, Plaintiff's Deposition, p. 107/lines8-10].

14.     Plaintiff waited for a wheelchair and nurse to transport her to the ship's medical clinic.  [Exhibit A, Plaintiff's Deposition, p. 81/lines13-19].

15.     Plaintiff arrived at the medical clinic at 11:00 p.m. and the resulting medical record stated:

| Ship Name: Carnival Sensation | | Voyage Number: SE 2019 04 18 004 | | | | Carnival |
|---|---|---|---|---|---|---|
| **Medical Staff Interaction Log** | | | | | | |
| Date & Time | Name & Cabin Number | Phone Call or Direct Encounter | Nature of Request | Advice or Treatment Given | Response to Advice | Medical Staff Signature & Printed Name |
| 4/19/2019 23:00 | U149 Marie | Direct Encounter ☐ | Guest brought to MC on a wheelchair after receiving a call that she fell off a broken chair at the bar in the MichaelAngelo | According to witness guest is able to walk and sit on a wheelchair. In the MC guest is able to walk from the door to the ICU. On exam guest complains of lower backache but no swelling or bruising seen. Is able to bend and touch her toes with no pain and slight tenderness on palpation of lower back. | Given ziplock for ice and ibuprogen 200mg 6hrly and non asprin2 tabs 6hourly. Advised TCB prn to see the doctor or call 911. Guest leaves MC with family. Offered wheelchair as a courteousy even though she can walk | Penelope 474128 |

[Exhibit C,  Defendant's Medical Log].

16.     There is no indication of any complaint of shoulder pain to the ship's medical clinic right after the incident.  [Exhibit C, Defendant's Medical Log].

17.     Because Plaintiff was ambulatory with no swelling or bruising and had full range of motion of her spine without pain, the ship medical staff determined Plaintiff was not in need of medical care beyond first aid, and the incident did not trigger the reporting and investigation protocol. [Exhibit C, Defendant's Medical Log; Exhibit D, Vazquez Deposition, p. 150/lines3-15].

18.     When Plaintiff returned to her cabin from the medical clinic, she called Guest Services and demanded to make a written statement. [Exhibit A, Plaintiff's Deposition, p. 96/lines10-23].

19.     Guest Services logged the request and arranged for a security guard to bring her the statement form in her cabin.  [Exhibit E, Comment Details].

20.     At Plaintiff's insistence, a security guard brought the statement form to her

cabin where she described the mechanics of her fall as:

> I, *Marie A Altidor*, do hereby state that the following statement is true and accurate, to the best of my memory. I further state that I have read my statement before signing it.
>
> *on the 19th of April at Macheal ingelo lounge at 10:33 pm sit at the bar left bar stoow felt hit the floor hit my back, and low my butt. A few people can help me get up the floor, bar person call-House keeping come, take a look of the chair*

[Exhibit F, Plaintiff's Statement; Exhibit A, Plaintiff's Deposition 96:13-25-97:1-5].

21.     The security officer wrote that Plaintiff sat on the bar stool for a little while, then it trembled or wobbled and she fell backwards onto her buttocks.  [Exhibit D, Vazquez Deposition, p. 37/lines18-25-38/lines1-9].

22.     Plaintiff later went ashore when the vessel called in Freeport and Nassau. [Exhibit A, Plaintiff's Deposition, p. 130/lines6-25-132/lines1-2].

23.     Guest Services' multiple outreach calls to check on Plaintiff went unanswered. [Exhibit E, Comment Details].

24.     Plaintiff testified that she experienced a new pain in her shoulder that she had not had before that started when she reached for a towel the day after the incident in the Michelangelo Lounge. [Exhibit A,  Plaintiff's Deposition, p. 147/lines16-22].

25.     Plaintiff did not return to the ship's medical clinic after the night of April 19, 2019. [Exhibit A, Plaintiff's Deposition, p. 153/lines12-25].

26.     The ship's housekeeping staff regularly cleans the barstools and if they are loose, a work order is generated to tighten up the bar stool top.  [Exhibit D, Vazquez Deposition, p. 36/lines4-25-37/lines1-3, p. 74/lines13-25-75/lines1-6].

27.     Although work orders regarding some of the stools in the Michelangelo Lounge occurred on occasion prior to Plaintiff's incident, it is not documented as to each particular barstool.  [Exhibit D, Vazquez Deposition, p. 15/lines 2-14].

28.     After a search of Carnival's databases, there were no other incidents that occurred in a substantially similar manner to Plaintiff's incident during the three-year interval prior to her incident.  [Exhibit D, Vazquez Deposition, p. 140/lines12-25].

29.     There are no CCTV or recording cameras in the Michelangelo Lounge. [Exhibit D, Vazquez Deposition, p. 143/lines10-17].

30.     Plaintiff did not present any other evidence showing how long the alleged hazard had been in existence before her fall.  [Exhibit A, Plaintiff's Deposition, p. 66:22-21-68:1-5].

31.     Plaintiff contends Defendant owed her the highest degree of care because it is a common carrier.  [DE 1, ¶ 25, ¶30(s)].

32.     Plaintiff seeks to hold Defendant liable for "causing distraction to Plaintiff while in the zone of risk."  [DE 1, ¶30(r)].  During discovery, Plaintiff did not present any evidence as to where the zone of risk was delineated or what distraction existed.

33.     Plaintiff contends Defendant should be presumed negligent cause the fact that she fell proves Defendant was negligent, that a person would not fall from a bar stool unless there was negligence and seeks to invoke presumptive negligence through the doctrine of *res ipsa loquitur*.  [DE 1, ¶31 (a) through (g)].

34.     Among the damages sought by Plaintiff, she alleges lost wages in the past and future.  [DE 1, p.9; DE 32].  When Defendant propounded discovery requests for Plaintiff to produce evidence of lost wages, she responded that she is not claiming lost wages. [Exhibit G, Plaintiff's Answer to Defendant's Interrogatory Number 9].  Plaintiff did not produce any evidence whatsoever to support a claim for lost wages – either in the past or the future.[2]

Dated: July 16, 2021

Respectfully submitted,

 /s/ *Mitchell Issa*
**David J. Horr**
Florida Bar No. 310761
dhorr@admiral-law.com
**Mitchell Issa**
Florida Bar No.:  112971
missa@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525

---

[2]  Defendant also addresses this issue in its Motions in Limine.

CASE NO.: 20-CV-21130-MGC
PAGE 6

Facsimile: (305) 670-2526
***Attorneys for Defendant, Carnival***
***Corporation d/b/a Carnival Cruise Line***

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that on July 16, 2021, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

 /s/ *Mitchell Issa*
**Mitchell Issa**
Florida Bar No.:  112971