UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 20-CV-21561-COOKE/GOODMAN

MARIE ALTIDOR,

    Plaintiff,

vs.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES,

    Defendants.
_____/

# DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

The Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, by and through undersigned counsel, request the Court include the following *Voir Dire* questions to the prospective jurors. Counsel for the Defendant and Plaintiff's counsel were attempting to confer regarding all proposed *voir dire* questions; however, Defense counsel has not received a response from Plaintiff's counsel regarding Defendant's last edits. In an effort to comply with this Honorable Court's deadline, Defendant submits the following proposed *Voir Dire* questions:

1. During the course of this trial, the following will occur: *voir dire*, then panel of jurors selected and sworn, then Plaintiff presents his case, then Defendants present its case, then the plaintiff has an opportunity to present a rebuttal to the Defendant's case, then each side gives a closing argument, then the court instructs the jury as to what the law is, then the jury is allowed to deliberate, elect a foreperson and jointly reach a verdict. Can everybody agree to wait until the end of the case and to hear all of the evidence, before reaching a conclusion?

2. We are all products of our environment, our conditioning; we all have prejudices; but the law requires that we set aside these prejudices, with the exception of our common sense, and decide the case based solely on the facts and the law. Is there anyone who believes they will not be able to do that?

3. Do any of you have any prior cruise experience?
    a. If so, what cruise lines?
    b. When did you go on the cruise?

    c.    How long was it?
    d.    Where did it go?
    e.    What ship were you on?
    f.    How would you characterize your experience?
    g.    Did you go to the bar while you were on this cruise?

    h.    Did you make any observations about that experience?
    i.    Did you require treatment by the shipboard physician?
    j.    What was your experience?

4.    Do any of you know or are you related to anyone employed by a cruise line?
    a.    What cruise line?
    b.    What relation to you?
    c.    What position do they hold?
    d.    How long have they worked there?
    e.    Have you discussed their employment with the cruise lines with you?

5.    Have any of you undergone surgery before?
    a.    If so, what type and what body part?
    b.    When did the surgery occur?
    c.    Please characterize the status and duration of your recovery.
    d.    Has any relative of yours or close friend?
    e.    To what degree were you involved in the person's recovery process?

6.    Have any of you or a close family member worked for a cruise line?
    a.    If so, which cruise line?
    b.    For how long?
    c.    Position
    d.    Ever observe any accidents or were involved in an accident on board?

7.    Are any of you involved in or employed or volunteer in the health care provider services field?
    a.    If so, for how long?
    b.    What position?
    c.    Describe your duties.
    d.    Describe your training.

8.    Do any of you have training in the field of engineering?
    a.    If so, what training?
    b.    From what institutions?
    c.    Have you practiced in the field of civil engineering or been employed in the field of civil engineering?

9.    Have any of you or close relatives sailed on board the *Carnival Sensation* or any other Carnival Cruise Line ship?

10.    Has anyone treated with an orthopedic, orthopedic surgeon, foot and ankle specialist or chiropractor?  Physical therapy?  Satisfactory results? Lasting impressions?

11. Do any of you have any medical knowledge or training? Do you have a close family member or friend with medical knowledge or training?

12. Does anyone believe that merely because a lawsuit is filed that there should be a recovery of damages?

13. Does anyone believe that not all accidents are a result of negligence and that sometimes accidents occur?

14. Does anyone believe that not all medical problems are a result of negligence?

15. Has anyone been injured in an accident? What body part? Who, if anyone, was at fault in causing the accident? Did litigation result?

16. Have you or someone you know ever made a claim or brought a lawsuit for personal injuries?

17. Does anyone have any other experience with the Court system?

18. Is there anyone who would not be able to award zero dollars if the evidence shows that it is appropriate? Likewise, is there anyone who would not award money if it is supported by the evidence?

19. Do any of you have negative feelings about corporations?

20. Will the fact that Carnival Cruise Lines is a corporation influence your ability to be fair and impartial and render a decision in this case?

21. Will the fact Carnival Cruise Lines is a corporation make you more likely to find in favor of Plaintiff before you have heard all of the evidence?

22. Does anyone feel the current legal system as it applies to accident cases should be changed in any way? If so, how do you think it should be changed and why?

23. Do any of your or your family members or friends own boats? If so, how long? What type?

24. Have any of you or your family, friends, acquaintances worked aboard boats? If so, for whom? How long? What type of work? If applicable, will your experience have any effect upon your ability to sit as a juror in this case?

25. Do you have familiarity with cruise ships, commercial marine vessels, tug barges, or dredges? If so, describe details, circumstances, and extent of familiarity. Have you ever been aboard any vessel, cruise ship, tugboat, barge, or dredge? If so, describe details, purpose, how long aboard, how long ago was the visit? Will your experience or familiarity with the shipping industry affect your ability to sit as a juror in this case and fairly weigh the evidence?

Dated: July 11, 2022

      /s/ Karina N. Peiro
**David J. Horr**
Florida Bar No.: 310761
**dhorr@admiral-law.com**
**Juan C. Perez, Jr.**
Florida Bar No.: 91581
**jperez@admiral-law.com**
**Karina N. Peiro**
Florida Bar No.: 1025870
**kpeiro@admiral-law.com**
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile:  (305) 670-2526
*Attorneys for Defendant, Carnival Cruise Lines*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on July 11, 2021, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

      /s/ Karina N. Peiro
**David J. Horr**
Florida Bar No.: 310761
**dhorr@admiral-law.com**
**Juan C. Perez, Jr.**
Florida Bar No.: 91581
**jperez@admiral-law.com**
**Karina N. Peiro**
Florida Bar No.: 1025870
**kpeiro@admiral-law.com**
*Attorneys for Defendant, Carnival Cruise Lines*

CASE NO.: 20-CV-21561-COOKE/GOODMAN
Page 5

## SERVICE LIST

**Matthew Sean Tucker**
Florida Bar No. 90047
Tucker Law ®
200 SE 6TH Street, Suite 405
Fort Lauderdale, FL 33301
Telephone: (954) 204-0444
Facsimile: (954) 358-4946
**Matt@TuckerUp.com**
*Attorney for Plaintiff*

**David J. Horr**
Florida Bar No.: 310761
**dhorr@admiral-law.com**
**Juan C. Perez, Jr.**
Florida Bar No.: 91581
**jperez@admiral-law.com**
**Karina N. Peiro**
Florida Bar No.: 1025870
**kpeiro@admiral-law.com**
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
*Attorneys for Defendant, Carnival Corporation*