UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-CV-21516-COOKE/GOODMAN

MARIE ALTIDOR,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a foreign corporation, d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE

In this maritime negligence case, Plaintiff Marie Altidor seeks to exclude from trial Defendant Carnival's "supplemental Rule 26 Disclosure; (2) supplemental CME Report; and (3) any materials not timely disclosed pursuant to the court's prior orders." [ECF No. 114]. Defendant filed a response, opposing Plaintiff's requested relief. [ECF No. 119]. Plaintiff did not file a reply and the time to do so has passed.

United States District Court Judge Kathleen M. Williams (on behalf of United States District Court Judge Marcia G. Cooke) referred to the Undersigned Plaintiff's motion. [ECF No. 115]. For the reasons discussed below, the Undersigned **denies** Plaintiff's Supplemental Motion in Limine.

In Plaintiff's motion, she accuses Defendant of providing an untimely supplemental Rule 26 Disclosure and supplemental CME Report, which reference "materials not previously produced pursuant to Plaintiff's request for copies or any other discovery request. [ECF No. 114]. Without providing specifics concerning the disclosures, her argument in support of exclusion is only a conclusory claim that she has been "severely prejudice[d]" because the late disclosure has purportedly precluded her from "engag[ing] in any discovery" related to these documents or "develop[ing] a [sic] contradicting record evidence" concerning the newly mentioned medical records. *Id.*

Defendant counters that the supplemental Rule 26 Disclosure and CME report are merely an addendum to its expert's opinion, "that does not disclose new opinions, but rather states that Dr. Sher's previously disclosed opinions remain 'unchanged.'" [ECF No. 119]. Further, Defendant avers that the materials Plaintiff claims were not previously disclosed are medical records previously produced to Plaintiff in February 2021. *Id.*

Under Federal Rule of Civil Procedure 37, "if a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). Here, Defendant argues only that the untimely disclosure is harmless.

Because the addendum to Dr. Sher's report merely serves to confirm that, after reviewing the additional medical records, Dr. Sher's opinion remains unchanged, the

2

Undersigned finds that it does not constitute a "new" opinion and its late disclosure is harmless. *Ward v. Carnival Corp.*, No. 17-24628-CV, 2019 WL 1228063, at *3 (S.D. Fla. Mar. 14, 2019) (denying motion to strike based on untimely disclosure when neither supplemental declaration constituted a "new" expert opinion); *In re Accutane Prods. Liab. Litig.*, No. 8:04-md-2523-T-30TBM, 2007 WL 201091, at *1 (M.D. Fla. Jan. 24, 2007) (denying motion to strike supplemental expert report where the report included additional literature review and, at times, new rationale, but the core opinions remained the same).

Further, as represented by Defendant in its response -- and unchallenged by Plaintiff via her lack of a reply -- the medical records that led to the addendum were previously disclosed. Accordingly, there is no late disclosure as to these records.

In conclusion, Defendant's untimely disclosure of Dr. Sher's supplemental report is harmless and the relied-upon materials were previously provided in discovery. For those reasons, the Undersigned **denies** Plaintiff's Supplemental Motion in Limine.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on July 13, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record